# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-20165
Summary Calendar

TIMOTHY DEAN WELCH

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-185

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Timothy Dean Welch, Texas prisoner # 799973, seeks a certificate of appealability (COA) to appeal the dismissal as frivolous of his 28 U.S.C. § 2254 petition challenging his 2006 disciplinary hearing, which resulted in the loss of 180 days of earned good-time credits. A COA will issue only upon a substantial showing of the denial of a constitutional right, which requires the movant to demonstrate that "reasonable jurists would find the district court's assessment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

Welch renews only his claim that he was denied due process at the hearing. He has abandoned by failing to brief any argument challenging the dismissal of his Eighth Amendment and retaliation claims. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

The district court correctly concluded that Welch's loss of commissary privileges, cell restriction, loss of contact visits, and reduction in good-time earning status do not implicate due-process concerns. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Regarding the loss of good-conduct time, the district court rejected the due-process claim based on Welch's admission in his form 28 U.S.C. § 2254 petition that he was ineligible for release to mandatory supervision. As he did in his district-court COA motion, Welch contends that he mistakenly checked the wrong box on the form and that he is in fact eligible for mandatory supervision.

Because Welch's allegations indicate that his underlying offense of burglary of a building was committed prior to September 1, 1997, if he is eligible for mandatory supervision, his assertion that he was denied due process in connection with his disciplinary hearing states a cognizable claim under 28 U.S.C. § 2254. See Malchi, 211 F.3d at 957-958 & n.6. The issue whether Welch is eligible for mandatory supervision cannot be resolved on the record before this court. Under the terms of the applicable mandatory-supervision statute, Welch is not necessarily ineligible by virtue of his burglary-of-a-building conviction, and his allegations do not disclose whether his offense involved the factors that would render him ineligible. See TEX. CODE CRIM. Proc. art. 42.18(c)(12) (Vernon Supp. 1989); TEX. PENAL CODE § 30.02 (Vernon 2003) (Historical and Statutory Notes).

Welch has thus demonstrated that reasonable jurists could debate whether the district court correctly assessed his due-process claim. Accordingly, COA is

granted on the question whether the district court correctly determined that Welch is ineligible for mandatory supervision.  The district court's judgment is vacated in part, and the case is remanded for further proceedings on the due-process claim.  Welch's motion for the appointment of appellate counsel is denied.

COA GRANTED; JUDGMENT VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS; MOTION FOR COUNSEL DENIED.